# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JEANETTE LOPEZ,

    Plaintiff,

v.

CARDINAL HEALTH 411, Inc.,

    Defendant.

No. 12 C 8739
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeanette Lopez has brought this three-count complaint against Cardinal Health 411, Inc., alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k), and the Civil Rights Act of 1866, 42 U.S.C. § 1981. Currently before me is Defendant's motion to dismiss Counts I and II for failure to exhaust required administrative remedies. For the following reasons, that motion is denied.

## BACKGROUND

Counts I and II of the Complaint allege Title VII violations. In order to bring a claim under Title VII, a plaintiff must first file an administrative charge against the defendant with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(f)(1). Here, Plaintiff made this filing, naming Cardinal Health, Inc. as the respondent. Plaintiff's employer, however, was not Cardinal Health, Inc. Plaintiff's employer was Cardinal Health 411, Inc., a subsidiary of Cardinal Health, Inc.

Cardinal Health 411, Inc. is the defendant named in this lawsuit, but because an EEOC charge was not filed against *that* entity, Defendant asserts that Plaintiff has failed to exhaust

statutorily required administrative remedies, and that her Title VII claims against Cardinal Health 411, Inc. are therefore barred. I disagree.

## DISCUSSION

There is an exception to the rule requiring the EEOC filing that saves the Complaint. *See Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981). "The purpose of the requirement of filing a charge before the EEOC is twofold. First, it serves to notify the charged party of the alleged violation. Second, it gives the EEOC an opportunity for conciliation, which effectuates Title VII's primary goal of securing voluntary compliance with its mandates." *Schnellbaecher, et al. v. Baskin Clothing Co., et al.*, 887 F.2d 124, 126 (7th Cir. 1989). Accordingly, "where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party." *Eggleston*, 657 F.2d at 905.

Those conditions are satisfied here. Cardinal Health, the parent, and Cardinal Health 411, the employer/subsidiary, share the same address. Two out of Cardinal Health 411's four officers are also officers of Cardinal Health.[1] Notice of Plaintiff's EEOC Charge was received at the two entities' common address. Both corporate entities understood that Cardinal Health 411, and not Cardinal Health, was Plaintiff's employer, and it is self-evident that an EEOC charge and related Title VII lawsuit targets the complainant's employer. Under these circumstances, I am satisfied that Cardinal Health 411 received adequate notice that a charge was being brought against it. Wide-eyed bewilderment on the part of either corporate entity as to the fact that this notice signaled a forthcoming Title VII suit against Plaintiff's employer strains credulity.

---

[1] Michael Kaufmann is the CEO of Cardinal Health 411 and the CEO, Pharmaceutical Department, of Cardinal Health. Stephen Falk is the Secretary of Cardinal Health 411 and the Executive Vice President, General Counsel and Corporate Secretary of Cardinal Health.

Defendant concedes that Cardinal Health 411 had notice that Cardinal Health had been named as the respondent in Plaintiff's EEOC Charge. But Defendant contends that Seventh Circuit precedent holds that, even where Company A knows that related Company B is being charged with violating Title VII, notice of such charge is not sufficient to constitute notice to Company A that *Company A* is being accused of violating Title VII. *See Schnellbaecher*, 887 F.2d at 127.

That is too strong a reading of the relevant case law. Such knowledge is not *necessarily* sufficient to constitute notice to an unnamed party. It is, however, sufficient here. The cases to which Defendant cites in urging to the contrary are distinguishable.

Consider *Lyons v. Commonwealth Edison d/b/a Exelon Corp., Inc.*, 2008 WL 4686153 (N.D.Ill. May 5, 2008), cited by Defendant. There, the plaintiff named Commonwealth Edison, her employer, in her EEOC charge. *Id*. at *1. She later attempted to name Commonwealth Edison's parent corporation, Exelon, as a defendant in her Title VII suit. *Id*. Exelon was not named in the EEOC charge. *Id*. The Court considered whether the *Eggleston* exception applied, and concluded that "[although Plaintiff] can establish that Exelon [had] actual notice of the EEOC Charge against its subsidiary, ComEd, [Plaintiff] cannot establish that Exelon [had] notice of any EEOC Charge against *itself*." *Id*. at *3.

Note that in *Lyons* the obvious target of the lawsuit, the plaintiff's employer, was the entity named in the EEOC Charge. There is nothing self-evident about the Charge that would signal to its recipient that the employer's parent corporation would also later be named in the lawsuit. In the instant case, the obvious target of the lawsuit was *not* named in the Charge. Moreover, it shared an address, two officers, and an almost identical name with the entity that was. It was entirely plausible that Exelon would not take the Charge against ComEd as

3

indication that it too would face a lawsuit. In no way can the same be said of Cardinal Health 411.

*Schnellbaecher*, the other case to which Defendant cites,[2] is distinguishable in precisely the same manner. *See Schnellbaecher*, 887 F.2d at 126. In *Schnellbaecher*, as in *Lyons*, and in contrast with the instant case, the plaintiff's employer was the entity actually named in the EEOC Charge. *Id*. at 125. The Court quite sensibly did not find that notice of an EEOC Charge filed against a plaintiff's employer imparted notice on the employer's parent corporation that the parent corporation itself would also be sued. *Id*. at 127. Again, those are not the facts before me here.

I am also satisfied that Cardinal Health 411 had an opportunity to participate in conciliation proceedings. Cardinal Health was afforded such an opportunity and declined. Cardinal Health 411, with clear indication that it would have to defend itself against Plaintiff's accusations of Title VII violations, could have spoken up in response to the EEOC letter that Cardinal Health received at their shared address and in connection with one of Cardinal Health 411's employees. In *Lyons* and in *Schnellbaecher*, the defendants that were not named in the respective EEOC Charges were found not to have had an opportunity to conciliate *because* they were found not to have had notice of the charge. *Schnellbaecher*, 887 F.2d at 127; *Lyons*, 2008 WL 4686153, at *9. That is not the case here, where I find Cardinal Health 411 did have adequate notice. An approach that essentially amounts to burying one's head in the sand will not do.

---

[2] Defendant also cites *Tamayo v. Blagojevich, et al.*, 526 F.3d 1074, 1089 (7th Cir. 2008), where an EEOC charge against the Illinois Department of Revenue ("IDOR") was found insufficient to permit the plaintiff to proceed with a Title VII suit against the Illinois Gaming Board ("IGB"), even though the IGB operated under the IDOR. There, although the Plaintiff worked "with" the IGB, her salary (the subject of the dispute) was subject to the approval of the director of the IDOR. *Id*. at 1078. Moreover, while I recognize the parent/subsidiary analogy with respect to the two entities, *Tamayo* is further distinguishable in that the two entities did not co-exist in close quarters as they do in the instant case, sharing an address and multiple officers.

Arguing that this outcome is "impractical" and "unwieldy," Defendant notes that there are "dozens" of legally distinct entities under the Cardinal Health umbrella. But however many separate entities exist under the umbrella, the fact remains that only one was self-evidently the target of Plaintiff's Title VII lawsuit for employment discrimination. Only Cardinal Health 411 was Plaintiff's employer. The exception to the EEOC Charge requirement under Title VII recognizes that the Congressional intent underlying the statute is not necessarily effectuated by strict, formalistic insistence that the EEOC Charge accurately list the proper formal name of the respondent. Rather, essential to the intent of Congress is that any party over whom jurisdiction is sought for a Title VII violation have "notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." To find that these requirements have not been satisfied here would be to allow legal formalism to interfere with the interests of justice.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied.

ENTER:

James B. Zagel
United States District Judge

DATE: April 24, 2013